## Case No. 3,168.

### In re COOKE et al.

[10 N. B. R. 126.] [1]

District Court, E. D. Pennsylvania. 1874.

EXAMINATION OF BANKRUPT.

1. A creditor may be entitled to an order for the examination of a bankrupt under the 26th section of the bankrupt act [of 1867 (14 Stat. 529)], notwithstanding the election of a trustee and committee of creditors under the 43d section, the latter section not confining the power of the court to order such examination to the application of the trustee.

2. The duty of a bankrupt is to disclose whatever it may concern any parties interested to know concerning his debts, business, or estate.

[In the matter of Jay Cooke & Co., bankrupts.

[Certificate of Joseph Mason, Register in Bankruptcy:]

To the Honorable John Cadwalader, Judge of said court: I, the undersigned, one of the registers of said court in bankruptcy, and to whom the above matter has been referred, do hereby certify that, in the course of the proceedings in said case before me, the following question arose pertinent to the said proceedings, and was stated and agreed to by the counsel for the opposing parties, to wit: Audley W. Gazzam and J. D. Bennett, Esqrs., who appeared for William Torode, a creditor of said bankrupts, whose claim had been duly proved. Richard C. McMurtrie, Esq., for Jay Cooke, one of said bankrupts. Thomas H. Hubbard, Esq., for Harris C. Fahnestock, another of said bankrupts. Richard L. Ashhurst and John C. Bullitt, Esqrs., for Edwin M. Lewis, trustee of said bankrupts' estate. On the 11th day of June, 1874, an application in writing (herewith forwarded) was made to me on behalf of said William Torode, for an examination of said bankrupts, as provided in the 26th section of the bankrupt act. I thereupon made an order (in form 45) for their examination upon the 25th day of June, 1874, at 2 o'clock p. m. Said order was served on only two of said bankrupts, Jay Cooke and Harris C. Fahnestock, who attended at my office at the last-mentioned time. At said time (and on the 26th day of June, 1874, 2 p. m., an adjourned sitting under said order), Mr. Gazzam requested that the said bankrupts be sworn. To this objections were made by the respective counsel of the said bankrupts, that of Mr. Hubbard on behalf of Harris C. Fahnestock, being in writing and herewith forwarded. Objections were also made on behalf of the trustee and submitted in writing, and are also herewith forwarded. I stated my opinion to be that the bankrupts should be sworn, and the examination proceeded with. I thereupon proceeded to administer the usual oath, when each of said bankrupts, Jay Cooke and Harris C. Fahnestock, stated that, under the advice of counsel, they declined to be sworn. The

said counsel for the trustee and the said bankrupts excepted to my decision, and requested that the same should be certified to the judge for his opinion thereon.

The alleged ground of the objection to the order referred to, and the examination proposed to be made thereunder, is, that the 43d section of the bankrupt act (in accordance with the provisions of which, in this matter, a trustee and committee of creditors have been chosen to wind up and settle the estate), by expressly giving the court, on the application of the trustees, power "to summon and examine on oath or otherwise the bankrupt and any creditor, etc.," has thereby confined the power of the court to order an examination to such application, and excluded the operation of the provisions of the 26th section of the act, as to examination of the bankrupt upon the application of a creditor; and that, while it is admitted that the question of the discharge of the bankrupts is not affected by the provisions of the 43d section, in this case no application for discharge has been made, and, therefore, any examination of the bankrupts, which would be pertinent to the question of discharge, cannot now be made by any creditor. The primary duty of a bankrupt to his creditors is that of disclosure of the causes of his insolvency, together with an account of the property of which he has been possessed, and of his disposition thereof. The sufficiency of such disclosure must materially influence the court in determining his right to a discharge.

Pending the determination of the question of discharge, the creditor is prevented from pursuing any other remedy than that afforded by the bankruptcy proceeding for the collection of his debt. If the discharge be refused, property acquired by the bankrupt after the commencement of proceedings, will be available for the payment of the creditor. It is, therefore, of the utmost importance to both the bankrupt and his creditors, that the question of discharge should be speedily determined. Accordingly the statute has provided that application for discharge may be made in all cases after the expiration of six months from the adjudication of bankruptcy, and, it would seem, must be made within one year. The 21st section, by necessary implication, visits unreasonable delay on the part of the bankrupt in endeavoring to obtain his discharge, with the forfeiture of his right to protection by the court from the suit of a creditor. In this case the adjudication was made on the 26th day of November, 1873, so that, at the time of the making of the order referred to, more than six months had elapsed since the date of the adjudication. The bankrupts, therefore, being in a position to apply for a discharge, can it be that their neglect or omission to do so will prevent a creditor from speeding the cause by making such examination as may be relevant to the issue between him and his debtors, and the result of which may induce opposition or acquies-

[1] [Reprinted by permission.]

·cence on his part? He has a right, I think, to presume that his debtors will, without delay, apply for their discharge, and that they intend to do so is not denied by them.

In voluntary proceedings the concluding prayer of the original petition is, that the petitioner "may be decreed to have a certificate of discharge," etc., and after adjudication in involuntary cases, by the 42d section of the act, the proceedings are in all respects assimilated to those of a voluntary nature. A creditor is, I think, undoubtedly justified in assuming that the ordinary course will be taken by his debtor, and has the right to anticipate and prepare for the determination of the question of discharge, and the bankrupt cannot, I think, be allowed to withhold at any time during the course of proceedings any information by which it may be determined that he is, or is not, entitled to the benefit the statute is intended to afford. Not having the slightest doubt of the power of the court to facilitate the speedy determination of the question of discharge, I made the order of the 11th of June, and see no reason why the bankrupt should refuse to obey it.

As to the suggestion of the trustee, set forth in his letter (annexed to the objections made by his counsel), I have only to say that if, during the course of the examination proposed, questions should be asked or matters inquired about, which, in his opinion, it will be injurious to the management of his trust should be made public, the propriety of allowing the examination to proceed as to such matters can be called to the attention of the court, and the objection thereto, at such appropriate time, considered; but I think it is no part of the duty of the trustee to interfere with a creditor at the very threshold of his inquiry into matters which vitally concern his interests, independent of the collection and distribution of the estate, even though there be matters connected with such collection and distribution the investigation of which the trustee may properly consider can only, without jeopardizing important interests of all the creditors, be pursued by himself. Moreover, it is to be observed, that the trustee is mainly concerned with the execution of his trust and not with the discharge of the bankrupts. The creditors are interested in both. It must, perhaps, be conceded that of such examination as may be material or necessary to aid the trustee in the execution of his trust, he alone (and the committee under whose direction he acts) should be the judge, and a creditor should not be allowed to interfere. In short, the reasonable construction of the 43d section, in connection with the question of the examination of the bankrupts is, in my opinion, as follows:

To remove all doubt as to the necessity of the trustee resorting to a bill in equity for discovery, to assist him in the management of his trust, the section referred to has expressly conferred on the court the power to summarily make such examination of the bankrupt, and any creditor, or any other person, whose examination may be material or necessary to aid the trustees in the execution of their trust. Such examination ex vi termini, the right of discharge being unaffected by the section, cannot be exclusive of that which may be made by the court on its own motion, or on the application of a creditor, and which may be relevant immediately or remotely to the question of discharge. The subject-matters being different, the maxim "expressio unius est exclusio alterius" cannot be applicable. The examination upon the application of a creditor and that upon the application of the trustee may be widely divergent, or narrowly concurrent, or even identical in point of fact, but to exclude the former because of the express grant of the latter seems to me to be an unjust and unwarrantable interpretation, and one which would unnecessarily deprive a creditor of a most valuable and important right. Creditors have also an interest in inquiring into the consideration and validity of claims proved against the estate, and, if so advised, may doubtless make objections thereto. The examination of the bankrupt may be very necessary to furnish information upon which such objection may be founded. It is also to be observed that the question of the accountability of the trustee to the creditors may be materially affected by the examination of the bankrupt, although, perhaps, an examination for such purpose could not be made until an account of the trustee had been filed. Of course, it cannot be pretended that an examination under the 26th section of the act is not entirely within the control of the court, and therefore it is unnecessary to consider any possible attempt to abuse the privilege or needlessly annoy the bankrupt by impertinent, frivolous, and indefinitely protracted inquiry into his affairs.

CADWALADER, District Judge. The duty of a bankrupt is to disclose whatever it may concern any parties interested to know concerning his debts, business, or estate. The schedules required by the 11th and 42d sections of the act of congress may constitute a very insufficient disclosure. In this case, if the bankrupts had filed the proper exhibits of a last examination, or had asked the appointment of a public meeting for the purpose, or if the trustee or committee of creditors had compelled full disclosure, it might, perhaps, have been proper to restrict the proposed examination to special written interrogatories. But on this point the expression of a positive opinion is not necessary.

The register's conclusion is approved by the court. But with reference to his reasons, the court is of opinion that the same conclusion might have been correctly reached independently of any question of prospective application for a discharge. The examination of the bankrupts will proceed without interference by the trustee or

the committee of creditors, who, however, will be authorized to participate therein. so far as may promote or facilitate its proper purposes.